# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

    **v.**                           **Case No. 07-CR-29**

**JAMAL MARTIN**
            **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Jamal Martin pleaded guilty to conspiracy to distribute 100 kilograms or more of marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846, and assaulting a federal officer with a deadly weapon, 18 U.S.C. § 111(b), and I set the case for sentencing. In imposing sentence, the district court must first calculate the advisory sentencing guideline range, resolving any disputes necessary to that determination, then determine the actual sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

### I. GUIDELINES

The pre-sentence report ("PSR") adopted a base offense level of 14 on the assault count, U.S.S.G. § 2A2.2(a), then added 5 levels because defendant discharged a firearm, § 2A2.2(b)(2)(A), 3 levels because the victim-agent sustained bodily injury, § 2A2.2(b)(3)(A), and 2 levels because defendant was convicted under 18 U.S.C. § 111(b), § 2A2.2(b)(6). Defendant objected to the 2 level enhancement under § 2A2.2(b)(6), arguing that it constituted doubling counting. Defendant based his argument on the fact that 18 U.S.C. § 111(b) requires that the defendant use a deadly or dangerous weapon or inflict bodily injury, and his offense level had

already been increased for use of a dangerous weapon, i.e. a firearm, under § 2A2.2(b)(2).

Defendant's argument had some logical appeal, but "a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission. While such calculations may involve 'double counting' in a literal sense, they do not involve impermissible double counting." United States v. Maloney, 406 F.3d 149, 152 (2d Cir. 2005). Nothing in the text of this guideline suggests that the (b)(6) enhancement may not be applied on top of the (b)(2) or (3) enhancements, and the commentary indicates that the Commission intends § 2A2.2(b)(6) to be a "cumulative" enhancement. The commentary also indicates that (b)(6) was added by the Commission based on a congressional directive that it consider whether sentences for these offenses were adequate. U.S.S.G. § 2A2.2 cmt. background. Finally, defendant cited no case finding this to be double counting, and I found none. See United States v. Hutchins, 179 Fed. Appx. 594 (11th Cir. 2006) (rejecting a similar double counting claim). Therefore, I rejected this objection on the assault guideline.

On the drug count, the PSR adopted a base offense level of 24 under U.S.S.G. § 2D1.1(c)(8), with no specific offense characteristics.[1] Defendant objected to the absence of a safety valve reduction. The government and probation office agreed that defendant qualified, and on review of the U.S.S.G. § 5C1.2 factors, I did as well. Defendant had no more than one criminal history point, he did not use violence or possess a firearm in connection with the drug count, he was not an organizer or leader, and he told the government all he knew about the

---

[1]The parties agreed that the drug and assault counts were unrelated, and that the firearm used during the assault should not result in an enhancement under U.S.S.G. § 2D1.1(b)(1).

2

offense. Therefore, I reduced the level on the drug count to 22. See U.S.S.G. § 2D1.1(b)(11) (providing for a 2 level reduction if the defendant meets the safety valve criteria). However, after the multi-count adjustment under U.S.S.G. § 3D1.4,[2] the final offense level remained 23.[3] Coupled with his criminal history category of I, I adopted a guideline range of 46 to 57 months.

## II. SENTENCE

### A.      Section 3553(a) Factors

In imposing sentence, the court must consider all of the factors set forth in § 3553(a). United States v. Harris, 490 F.3d 589, 593 (7th Cir. 2007), cert. denied, 128 S. Ct. 963 (2008). Those factors include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the advisory guideline range;

---

[2]Under § 3D1.4, the assault count and the drug count each counted for one unit, thus adding two levels to the count with the highest level. Adding 2 to the level 24 applicable on the assault count and subtracting 3 for acceptance of responsibility, § 3E1.1, the final level was 23.

[3]Defendant's qualification for safety valve did lift the statutory mandatory minimum on the drug count. See 18 U.S.C. § 3553(e).

3

(5)     any pertinent policy statements issued by the Sentencing Commission;

(6)     the need to avoid unwarranted sentence disparities; and

(7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. While the guidelines serve as the starting point and initial benchmark in making this determination, Gall v. United States, 128 S. Ct. 586, 596 (2007), the district court may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007). Rather, the court must make an independent determination of what sentence is sufficient but not greater than necessary, taking into account the advisory guideline range, the relevant § 3553(a) factors, and any non-frivolous arguments presented by the parties in support of a particular sentence. United States v. Wilms, 495 F.3d 277, 282 (6th Cir. 2007).

**B.     Analysis**

**1.     The Offense**

Agents arrested Reginald Bickham, a large scale drug trafficker, and he identified defendant as one of his customers to whom he fronted marijuana. Bickham's seized ledgers reflected that he distributed a total of 185 pounds of marijuana to defendant, who in turn paid Bickham $185,505 in drug proceeds.

On May 16, 2007, a magistrate judge issued a complaint and warrant for defendant's arrest for drug trafficking, along with a search warrant for his residence. Agents executed the

4

warrant the next day, announcing their presence and breaching the external door to the enclosed porch. An agent then breached the door from the enclosed porch into the house and saw defendant about fifteen to twenty feet away inside the house. Defendant raised a gun and fired two shots at the agent, who dropped to the ground and retreated back onto the porch. The agent received a cut to the elbow, which required stitches to close, as a result of diving to the ground. Fortunately, he was not shot or more seriously injured. Agents at the rear of the house saw defendant raise his hands, ordered him out, and took him into custody. A woman and small child were also removed from the house.

After he was taken into custody, defendant apologized to the agent he shot at and gave up the gun. Agents found no drugs in the house, and it appears that the firearm was possessed to protect defendant's family, not facilitate drug dealing. Defendant explained that he thought his home was being robbed (he could not hear the agents announce themselves due to the din of his house alarm), and as soon as he realized federal agents were entering he surrendered, an explanation the government accepted. Defendant later made further efforts to cooperate with the government, which included dealings with the agent injured during the arrest.

## 2. The Defendant

Defendant was thirty-two years old and had a very minimal record, with some juvenile adjudications and a receiving stolen property case from when he was twenty-one. He was not married but had been in a stable relationship for thirteen years. He shared a two year old son with his girlfriend, and they lived together prior to defendant's arrest. Defendant's girlfriend made positive statements about him, both to the PSR writer and in court.

Defendant admitted use of marijuana but appeared to have no other correctional

5

treatment needs. He compiled a solid employment record, working as a truck driver for several years before his arrest.

### 3. Guidelines, Arguments of Parties and Purposes of Sentencing

As indicated above, the guidelines called for a term of 46-57 months, and the government requested a sentence at the low end. The government acknowledged defendant's positive personal qualities and efforts to cooperate, and accepted that he did not intend to fire at a federal agent. However, given the seriousness of the offenses and the risk posed to the agents, it argued that a sentence of 46 months was necessary to satisfy the purposes of sentencing under § 3553(a).

Defendant requested a sentence of 37 months, 2 levels below the advisory range. He noted that because of the application of U.S.S.G. § 3D1.4, he did not gain an advantage from the 2 level safety valve reduction. He also asked me to consider under § 3553(a) the double counting issue he raised under U.S.S.G. §§ 2A2.2(b)(2) & (6). He further noted that he intended no harm to the agent and repeatedly apologized for his conduct. Finally, he noted that he stopped dealing after Bickham's arrest, as he had no other drug contacts.

Under all of the circumstances, I found a sentence a bit below the range sufficient but not greater than necessary. These were serious crimes, but the drug offense was not aggravated by any violence or threats, and the weight was just enough to place him in level 24. I also accepted that defendant had stopped dealing prior to his arrest. The assault count was of course very serious – potentially deadly – but the circumstances supported defendant's claim that he did not intend to harm a law enforcement officer; rather, he believed his home was being robbed. I considered his prompt and consistent expression of remorse for that conduct. Finally, I considered the fact that he had spent 15 months in a local jail, which is

6

harder time than that spent in a federal prison. For all of these reasons, a sentence a bit below the range was sufficient to provide just punishment. See 18 U.S.S.G. § 3553(a)(2)(A).

Defendant had never been to jail before this case, and I found that any prison sentence would be sufficient to make an impression and deter him from re-offending. Given his minimal record, I also found a sentence a bit below the range sufficient to protect the public. Finally, I considered his attempts to cooperate and completion of AODA counseling in the jail as signs of positive character development. See 18 U.S.C. § 3553(a)(2)(B) & (C).

## III. CONCLUSION

Under all of the circumstances, I found a sentence of 42 months sufficient but not greater than necessary. I noted that this sentence fell within the range if I had adopted defendant's argument on the guidelines and stated that I would have imposed the same sentence regardless of my finding on defendant's objection. I recommended that defendant be placed at a facility as close to Milwaukee as possible and participate in any substance abuse treatment programs available. Upon release, I ordered him to serve three years of supervised release, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge